IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DAVID EDWARD KILEY,

    Plaintiff,
v.                                                  CASE NO. 4:04-cv-00129-MP-AK

REBECCA MOHRMAN, et al.,

    Defendants.

_____/

**O R D E R**

This matter is before the Court on Doc. 74, Report and Recommendations of the Magistrate Judge, recommending that Defendant Rebecca Mohrman's Motion for Summary Judgment, Doc. 31, be granted, and the claims raised against her in the amended complaint, Doc. 9, be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2). The Magistrate Judge filed the Report and Recommendation on Friday, April 14, 2006. The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections. Plaintiff has filed objections to the Magistrate's Report, Doc. 77. Defendant Mohrman filed a response to plaintiff's objections, Doc. 78. Plaintiff then filed a motion to strike the response, Doc. 79, to which Defendant responded, Doc. 80. Plaintiff recently filed a motion to withdraw his motion to strike, Doc. 81. Pursuant to Title 28, United States Code, Section 636(b)(1), this Court must make a *de novo* review of those portions to which an objection has been made.

In his objections, plaintiff claims that the accusations he makes against Jane Doe #2 are sufficient to state a claim of deliberate indifference to a serious medical need. "Medical treatment violates the eighth amendment only when it is 'so grossly incompetent, inadequate, or

excessive as to shock the conscience or to be intolerable to fundamental fairness.'" Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (quoting Rogers v. Evans, 792 F.2d 1052, 1058 (11th Cir.1986)). To successfully demonstrate that a prison official acted with deliberate indifference to a serious medical need, an inmate "must satisfy both an objective and a subjective inquiry." Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003). The objective inquiry requires a plaintiff to demonstrate:

> (1) an objectively serious medical need that, left unattended, poses a substantial risk of serious harm, and (2) that the response made by public officials to that need was poor enough to constitute 'an unnecessary and wanton infliction of pain,' and not merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law.

Salas v. Tillman, 162 Fed.Appx. 918, 921 (11th Cir. 2006) (unpublished opinion) (citing Taylor v. Adams, 221 F.3d 1254, 1258 (11th Cir.2000)). The subjective component of the inquiry requires a plaintiff to show "that the public official acted with an attitude of 'deliberate indifference,' by demonstrating (1) awareness of facts from which the inference could be drawn that a substantial risk of serious harm existed, and (2) the drawing of this inference." Id. (citation omitted).

Here, plaintiff seeks to amend his complaint so as to essentially accuse defendant Rebecca Mohrman of failing to secure an expedited appointment with the doctor as she had allegedly promised to do. The court agrees with the Magistrate that these accusations "do[] not state a claim for deliberate indifference to a serious medical need or any other constitutional violation." Doc. 73 at 2. Therefore, having considered the Report and Recommendation and all objections thereto filed, I have determined that the Report and Recommendation should be adopted. Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Magistrate Judge's Report and Recommendation is adopted and incorporated by reference in this order.

2. Defendant Rebecca Mohrman's Motion for Summary Judgment, Doc. 31, is granted, and the claims raised against her in the amended complaint, Doc. 9, are dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2).

3. Plaintiff's motion to withdraw his previous motion to strike, Doc. 81, is granted.

**DONE AND ORDERED** this   *22nd* day of June, 2006

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge